Peggy Ann Reeves, a Minor by Patricia Reeves, Her Mother and Next Friend, and Patricia Reeves, Individually, Plaintiffs-Appellants, v. Walter and Dorothy Eckles, Defendants-Appellees.

Gen. No. 66–70.

Second District.

December 29, 1966.

Willard J. Stepek, of Crystal Lake, for appellants.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellees.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Plaintiff's amended complaint sought recovery for personal injuries as a result of an attack upon the minor plaintiff by the dog of the defendants. The amended complaint was filed in three counts and alleged the common-law action for recovery as the result of a dog bite. The trial court, in its memorandum of decision, found:

> "There is no cause of action for any attack by a dog except under the dog bite statute. It created absolute liability and replaces the common law claims. None of the three counts make out this statutory cause of action."

The court dismissed the amended complaint and entered a final order of dismissal, however, the plaintiff elected to stand on the amended complaint.

This appeal raises the narrow issue of whether or not the statute covering the subject of recovery for dog bites has repealed the common-law action. The statute provides:

> "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term 'owner' includes any person harboring or keeping a dog. The term 'dog' includes both male and female of the canine species."

(Ill Rev Stats 1963, c 8, par 12d.) It will be seen from the foregoing language that the common-law action is not expressly repealed. Indeed the common-law action is not mentioned.

 As a general rule, the repeal of the common law by implication is not favored. It is only where there is a fair repugnance between the common law and the statute, and both cannot be carried into effect, that the common law must be considered as repealed by implication. The legislature is presumed to have known of the common-law action and had they intended to repeal such action, it would have been a simple matter for them to have done so. We are not at liberty to extinguish a common-law remedy unless the statutory action is so conflicting to the common-law action that both may not exist. In this case, repugnance is not apparent. The common-law action required that the owner have prior knowledge of the dog's propensities. The statutory action makes no such requirement. Either action is available depending upon the facts of the case and it cannot be fairly said that one remedy is contradictory to the other. We therefore conclude that the trial court erred in finding

410

that the statute had repealed the common-law remedy and in dismissing the amended complaint.

Both sides urge us to accept as authority for their divergent views the case of Beckert v. Risberg, decided by the Appellate Court in 50 Ill App2d 100, 199 NE2d 811 (1964), but reversed by the Supreme Court in 33 Ill2d 44, 210 NE2d 207 (1965). The complaint in that case was in two counts. The first alleging a cause of action under the statute, and the second alleging a cause of action in common law. The trial court found no evidence to sustain the common-law action and dismissed that count. No appeal was taken from that order. The case went to the jury on the statutory count and a verdict was returned in favor of the plaintiff. The Appellate Court reversed on the ground that error was committed in the trial by giving instructions on the question of negligence since negligence is not an issue in the statutory cause of action. The Supreme Court reversed the Appellate Court and affirmed the trial court decision holding that while negligence was not an issue and that the instructions were therefore improper, the instructions worked no injury upon the defendant. The Supreme Court said at page 46:

> "Under a statute in force at the time of the occurrence it was unnecessary to prove negligence in order to recover damages. To render the owner liable it was enough 'If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be.' (Ill Rev Stat, 1959, Chap 8, par 12d.) To recover under the rule at common law, on the other hand, it was necessary to allege and prove that the animal had a mischievous propensity to commit such injuries and that the owner had knowledge of the propensity."

The Supreme Court gives no indication that the statute had repealed the common law. On the contrary the court considered both theories in its opinion.

In Messa v. Sullivan, 61 Ill App2d 386, 209 NE2d 872 (1965), the complaint was based upon two theories. The first was a common-law action and the second was a statutory action. The trial court sitting without a jury held for the defendant under the common-law action upon a finding that plaintiff was guilty of contributory negligence. No appeal was taken from that decision. The trial court found in favor of the plaintiff on the statutory action and awarded judgment. Only the finding on the statutory action was appealed. The court did not indicate that the statute had repealed the common law and that case is no authority for the proposition.

This court should not substitute its judgment for the judgment of the legislature. The legislature could easily have repealed the common-law action had it intended to do so. Absent a clear legislative expression we are not able to conclude that the statute repeals the common law. On the contrary we conclude that the statute merely supplies an alternative remedy and that both the statutory action and the common-law action exist.

The judgment is therefore reversed and remanded.

Judgment reversed and remanded.

DAVIS and ABRAHAMSON, JJ., concur.