JUDITH SHORES, Plaintiff-Appellant, v. SENIOR MANOR NURSING CENTER, INC., Defendant-Appellee.

Fifth District   No. 5—87—0093

Opinion filed January 6, 1988.

504

Gary L. Bement, of Nelson & Bement, of Belleville, for appellant.

Kevin L. Mechler and Paul G. Schoen, both of Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Judith Shores, brought an action against defendant, Senior Manor Nursing Center, Inc., for retaliatory discharge. Defendant filed a motion to dismiss the complaint for failure to state a cause of action, and the circuit court of Randolph County granted this motion and dismissed the cause with prejudice. Plaintiff appeals. For the reasons which follow, we reverse and remand.

In her complaint, plaintiff alleges that she was employed as a nurse's assistant at a nursing home operated by defendant when she reported to the administrator of the facility that the "full time charge nurse (LPN) was improperly performing her functions as a nurse and that she was sleeping while on the job, was not supervising the admin-

istration of prescription drugs, was refusing to assist residents of the defendant nursing center after being notified by residents of needs and for endangering the health, welfare and safety of residents of the defendant nursing center." The complaint alleges that defendant discharged plaintiff in retaliation for reporting to the administrator about the nurse's performance. Plaintiff also alleges that "in the performance of her job duties the plaintiff attempted to further the public policy of the State of Illinois to provide for the safety and care of residents of nursing homes." Defendant filed a motion to dismiss plaintiff's complaint for failure to state a cause of action for retaliatory discharge. The circuit court subsequently dismissed plaintiff's cause of action with prejudice.

▆ No cause of action should be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 506, 485 N.E.2d 372, 374, *cert. denied* (1986), 475 U.S. 1122, 90 L. Ed. 2d 187, 106 S. Ct. 1641.) The allegations in the complaint are to be taken as true (108 Ill. 2d at 505, 485 N.E.2d at 374), and are to be interpreted in the light most favorable to the plaintiff. *Wait v. First Midwest Bank/Danville* (1986), 142 Ill. App. 3d 703, 705, 491 N.E.2d 795, 798.

▆ The tort of retaliatory discharge is an exception to the general rule that an at-will employment is terminable at any time for any or no cause. The cause of action for retaliatory discharge is recognized when an employee is discharged in violation of a clearly mandated public policy. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130, 421 N.E.2d 876, 878.) While there is no precise definition of the term "clearly mandated public policy," generally "it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. *** [A] matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." (85 Ill. 2d at 130, 421 N.E.2d at 878-89.) Public policy can be found in the State's laws and judicial decisions. 85 Ill. 2d at 130, 421 N.E.2d at 878.

Plaintiff alleges that the public policy which has been violated here is the policy of protecting the health, safety and welfare of residents of nursing homes, and that this policy is expressed in the Nursing Home Care Reform Act of 1979 (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—101 *et seq.*). The Act establishes standards for the treatment and care of residents of long-term-care facilities, such as nursing homes, and section 3—101(1) of the Act specifically provides that the Department of Public Health (hereinafter the Department) shall estab-

lish a comprehensive system of licensure for long-term-care facilities for the purpose of "[p]rotecting the health, welfare, and safety of residents." (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—101(1).) Section 2—107 prohibits the abuse and neglect of residents of nursing homes. (Ill. Rev. Stat. 1985, ch. 111½, par. 4152—107.) Violations of the Act and of the rules promulgated thereunder are classified into three categories, with the classifications based upon the degree to which the violation affects the health, safety, or welfare of a facility resident. Ill. Rev. Stat. 1985, ch. 111½, pars. 4151—129 through 4151—131.

■ Our supreme court, in the context of a retaliatory discharge action, has stated that "[t]here is no public policy more important or fundamental than the one favoring the effective protection of the lives and property of citizens." (*Palmateer v. International Harvester Co.*, 85 Ill. 2d at 132, 421 N.E.2d at 879.) By enacting the Nursing Home Care Reform Act, the legislature has made it clear that it is also the public policy of this State to provide special protection for the health, safety, and welfare of residents of nursing homes. Thus, plaintiff has invoked a clearly mandated public policy.

To effectuate this public policy found in the Act, the legislature has adopted provisions requiring those who work in nursing homes to report incidents of abuse and neglect. Section 2—107 of the Act provides: "An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. It is the duty of any facility employee or agent who becomes aware of such abuse or neglect to report it as provided in 'The Abused and Neglected Long Term Care Facility Residents Reporting Act'." (Ill. Rev. Stat. 1985, ch. 111½, par. 4152—107.) In addition to the duty to report under section 2—107 of the Act, section 3—610 provides: "A facility employee or agent which becomes aware of abuse or neglect of a resident prohibited by Section 2—107 shall immediately report the matter to the Department and to the facility administrator. A facility administrator who becomes aware of abuse or neglect of a resident prohibited by Section 2—107 shall immediately report the matter by telephone and in writing to the resident's representative, and to the Department. Any person may report a violation of Section 2—107 to the Department." (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—610.) Thus, in addition to the legislature's determination that it is the public policy of this State to provide special protection for the health, safety, and welfare of residents of nursing homes, the legislature has also determined that in order to effectuate this public policy, employees of nursing homes have a duty to report abuse and neglect of residents.

■ Therefore, we must conclude that discharging an employee of

a nursing home for complying with her statutory duty to report abuse and neglect violates the underlying public policy of protecting the health, safety, and welfare of residents of nursing homes. Courts of this State have held that even when there is no statutory duty to report an apparent violation of the law, a person states a cause of action for retaliatory discharge by alleging he was discharged for reporting the apparent violation. In *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 421 N.E.2d 876, the supreme court held that the plaintiff had stated a cause of action for retaliatory discharge by alleging he was fired for reporting an apparent theft at his place of employment to law enforcement officials. The court stated that a citizen has no statutory duty "to take an active part in the ferreting out and prosecution of crime, but public policy nevertheless favors citizen crime-fighters." (85 Ill. 2d at 132, 421 N.E.2d at 880.) In *Johnson v. World Color Press, Inc.* (1986), 147 Ill. App. 3d 746, 498 N.E.2d 575, this court held that the plaintiff had stated a cause of action by alleging he was discharged in retaliation for reporting to his superiors what he believed were violations of Federal securities laws. We stated that "[p]ublic policy favors employees attempting to ensure management's compliance with the requirements of the law and public policy." (147 Ill. App. 3d at 754, 498 N.E.2d at 580.) If a person under no duty to report violations of the law possesses a cause of action for retaliatory discharge when he is discharged for reporting a violation, surely a person who does have such a duty must also possess a cause of action when discharged in retaliation for complying with this duty.

The foundation of the tort of retaliatory discharge lies in the protection of public policy. (*Palmateer v. International Harvester Co.*, 85 Ill. 2d at 133, 421 N.E.2d at 880.) Plaintiff has sufficiently alleged that she was attempting to protect the public policy of safeguarding the health, safety and welfare of residents of nursing homes.

Defendant argues, however, that an employee who reports abuse or neglect to a facility administrator without also reporting to the Department of Public Health does not have an action for retaliatory discharge. Defendant contends that the Nursing Home Care Reform Act expressly prohibits the discharge of an employee who reports abuse or neglect to the Department, but does not expressly prohibit the discharge of an employee who reports only to the facility administrator, and that consequently the legislature intended to recognize a cause of action for retaliatory discharge for employees who report to the Department but not for employees who report only to the facility administrator. Defendant relies upon section 3—608 of the Act, which provides: "A licensee or its agents or employees shall not transfer,

discharge, evict, harass, dismiss, or retaliate against a resident, a resident's representative, or an employee or agent who makes a report under Section 2—107, brings or testifies in an action under Sections 3—601 through 3—607, or files a complaint under Section 3—702, because of the report, testimony, or complaint." (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—608.) Sections 3—601 through 3—607 provide for actions brought by nursing home residents, and section 3—702 provides for complaints to the Department requesting investigations. These provisions are not at issue here. The crucial reference in section 3—608 for purposes of the present case is to section 2—107, which provides that it is the duty of any facility employee who becomes aware of abuse or neglect to report it as provided in The Abused and Neglected Long Term Care Facility Residents Reporting Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4161 et seq.) (hereinafter the Abused Residents Reporting Act). Defendant contends that because section 4 of the Abused Residents Reporting Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4164) provides for the procedure for an employee to report to the Department and not to the facility administrator, section 3—608 of the Nursing Home Care Reform Act only prohibits a licensee from discharging an employee who reports to the Department and does not prohibit a licensee from discharging an employee who reports solely to the facility administrator. Although not argued by defendant, we also note that section 3—318(a)(5) of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—318(a)(5)) makes it a business offense to retaliate against an employee for providing information to the State, but does not mention retaliation for providing information to the facility administrator. Because plaintiff has failed to allege that she made a report to the Department or engaged in any of the other protective activities listed in section 3—608, defendant contends plaintiff has failed to state a cause of action for retaliatory discharge.

Defendant correctly notes that prior to 1982, section 3—608 of the Act provided, as it does now, that an employee of a nursing home could not be discharged for reporting incidents of abuse or neglect as provided in section 2—107 of the Act (Ill. Rev. Stat. 1979, ch. 111½, par. 4153—608), but the contemporaneous version of section 2—107 imposed a duty to report as provided in section 3—610 (Ill. Rev. Stat. 1979, ch. 111½, par. 4152—107). The contemporaneous version of section 3—610 provided that an employee had a duty to report to the facility administrator. (Ill. Rev. Stat. 1979, ch. 111½, par. 4153—610.) Defendant contends that when the legislature amended section 2—107 to provide that reports should be made as provided in the Abused Residents Reporting Act rather than as provided in section 3—610, and

because the reporting act sets out procedures for reporting to the Department, that it intended to eliminate the cause of action for retaliatory discharge for employees who only report to the administrator.

■■ Under common law, plaintiff has a cause of action for retaliatory discharge even though she allegedly reported to the administrator, her superior, without also reporting to the Department (see *Johnson v. World Color Press, Inc.*, 147 Ill. App. 3d at 752, 498 N.E.2d at 579), and plaintiff brings the present action under the common law. While relying upon the Act to state public policy, she does not rely upon the Act as creating her cause of action. The legislature has made it clear that the provisions of the Nursing Home Care Reform Act are not the exclusive means by which a person can seek relief for situations coming under the Act. Section 3—714 provides that "[t]he remedies provided by this Act are cumulative and shall not be construed as restricting any party from seeking any remedy, provisional or otherwise, provided by law for the benefit of the party, from obtaining additional relief based upon the same facts." (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—714.) Furthermore, repeal of a common law cause of action by implication is not favored. (See *Reeves v. Eckles* (1966), 77 Ill. App. 2d 408, 410, 222 N.E.2d 530, 531.) We do not believe the express protections of section 3—608 of the Act, either before or after the 1982 amendments, were intended to diminish an employee's rights to a common law cause of action for retaliatory discharge.

■■ Our function in construing statutes is to ascertain and give effect to the intent of the legislature. We examine the statute to determine the objective it seeks to accomplish and the evils it desires to remedy. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362, 489 N.E.2d 1374, 1379.) The clear goal of the Nursing Home Care Reform Act is the protection of the health, safety, and welfare of residents of nursing homes. The Act imposes a duty on employees to report abuse and neglect to not only the Department, but also to the facility administrator. The protection of residents is well served when an employee reports to the administrator, and often may be better served if a report is first made to the administrator, who likely can more quickly remedy the situation than can the Department. The courts presume that the legislature does not intend absurd or unreasonable results. (See 111 Ill. 2d at 363, 489 N.E.2d at 1379.) Under defendant's argument that an employee who reports only to the facility administrator does not have a cause of action while an employee who reports only to the Department does have a cause of action, a nursing home would have an incentive to immediately discharge employees who have reported abuse and neglect to the administrator but

have not yet had the opportunity to notify the Department. As we have noted, in many instances, an employee would have good reason to report abuse or neglect first to the administrator.

The legislature's 1982 amendments to the Act must be read in the context of the simultaneous enactment of the Abused Residents Reporting Act. The legislature amended section 2—107 to refer to the new reporting statute, which established procedures for reporting to the Department. While section 2—107 no longer refers to reporting as required under section 3—610, the reporting statute does provide that "[t]he requirement of this Act shall not relieve any long term care facility administrator, agent or employee of responsibility to report the abuse or neglect of a resident under Section 3—610 of the Nursing Home Care Reform Act of 1979." (Ill. Rev. Stat. 1985, ch. 111½, par. 4164.) Therefore, the reporting statute expressly acknowledges the duty of an employee under section 3—610 to report to the facility administrator in addition to reporting to the Department. We thus cannot accept defendant's argument that the legislature has clearly expressed its desire to eliminate a cause of action for an employee who reports abuse and neglect to the facility administrator.

We further note that section 3—609 of the Act provides that any person who participates "in the making of a report" shall have immunity from any liability as a consequence of making such a report. (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—609.) Because this section broadly states that immunity is provided to anyone participating in the making of "a report," it would appear to provide immunity to those who report to a facility administrator even though a report is not also made to the Department. This section does not provide for differing degrees of protection depending on to which superior authority the employee reports. We believe this further militates against concluding the legislature intended to eliminate a cause of action for an employee who reports only to the facility administrator.

For the foregoing reasons, we conclude plaintiff has stated a cause of action for retaliatory discharge by alleging she was discharged for reporting to the administrator of the nursing home what plaintiff believed were instances of neglect at the facility. Therefore, the order of the circuit court of Randolph County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH and CALVO, JJ., concur.