DORIS LANNING, Plaintiff-Appellee, v. MORRIS MOBILE MEALS, INC., Defendant-Appellant.

Third District    No. 3—99—0052

Opinion filed November 9, 1999.—Rehearing denied December 10, 1999.

John J. D'Attomo and Mark E. Furlane, both of Gardner, Carton & Douglas, of Chicago, for appellant.

Gary R. Garretson, of Morris, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff Doris Lanning filed a retaliatory discharge action against her former employer, Morris Mobile Meals, Inc. (Morris). Morris moved to dismiss Lanning's suit. The trial court denied Morris' motion and certified a question of law for review. This court granted Morris' petition for leave to appeal. We hold that Lanning's complaint of retaliatory discharge is not precluded based on her failure to report an alleged health code violation to a public official.

## FACTS

Morris is a food service provider, delivering meals to customers' homes. Lanning was formerly employed by Morris. She claims that she was discharged in retaliation for "reporting to her supervisor and to a dietician at Morris Hospital that [Morris] through its agents and employees [was] endangering the health of its customers by leaving

meals at customers' residences, unrefrigerated in 95 degree heat for indefinite periods of time in violation of Illinois public health laws." Morris moved to dismiss for failure to state a claim upon which relief could be granted. The trial court denied the motion and certified the following question of law to this court:

> "Whether *Zaniecki v. P.A. Bergner & Co. of Illinois*, 143 Ill. App. 3d 668, 493 N.E.2d 419 (3rd Dist. 1986), which held that no cause of action for retaliatory discharge lies where an employee fails to report the alleged misconduct forming the basis of his or her retaliatory discharge claim to public authorities but only makes an internal report of the suspected misconduct, is controlling in the present case where the plaintiff allegedly reported misconduct to her employer as well as to a third party."

We granted Morris' petition for leave to appeal.

## ANALYSIS

Morris argues that Lanning did not allege that she complained to a public official, as required by *Zaniecki v. P.A. Bergner & Co.*, 143 Ill. App. 3d 668, 493 N.E.2d 419 (1986). Thus, the trial court should have granted Morris' motion to dismiss for failure to state a claim of retaliatory discharge.

Lanning, on the other hand, asks this court to overrule *Zaniecki*, claiming that it is unsound. Alternatively, she contends that *Zaniecki* is distinguishable because, in this case, she complained to a third party.

This matter is before us pursuant to a certified question under Supreme Court Rule 308 (155 Ill. 2d R. 308). The appellate court conducts a *de novo* review of certified questions, as it does with all questions of law. *Lanxon v. Magnus*, 296 Ill. App. 3d 377, 379, 694 N.E.2d 610, 611 (1998).

A claim of retaliatory discharge is permissible where "an employee is discharged in retaliation for the reporting of illegal or improper conduct," also known as " 'whistle blowing.' " *Jacobson v. Knepper & Moga, P.C.*, 185 Ill. 2d 372, 376, 706 N.E.2d 491, 493 (1998). To succeed on a claim of retaliatory discharge, a plaintiff must show "that she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates a clear mandate of public policy." *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911 (1988).

## I

In *Zaniecki*, this court stated an additional requirement, *i.e.*, that a retaliatory discharge claim will not lie unless the plaintiff has complained to a public official. *Zaniecki*, 143 Ill. App. 3d at 670-71,

493 N.E.2d at 421. There, the plaintiff alleged that he was terminated after reporting another employee's improper conduct to his employer's chief security officer. This court affirmed the dismissal of plaintiff's suit because the plaintiff only lodged an internal complaint.

Our decision in *Zaniecki* is in direct conflict with the First and Fifth Districts. See *Johnson v. World Color Press, Inc.*, 147 Ill. App. 3d 746, 498 N.E.2d 575 (1986) (Fith District); *Petrik v. Monarch Printing Corp.*, 111 Ill. App. 3d 502, 444 N.E.2d 588 (1982) (First District). Neither district requires a plaintiff to allege that termination occurred after complaint to a public official.[1]

Nevertheless, *Johnson*, *Zaniecki* and *Petrik* all rely upon our supreme court's ruling in *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 421 N.E.2d 876 (1981). In *Palmateer*, the court held that a plaintiff states a claim of retaliatory discharge where the plaintiff alleges termination in violation of clearly mandated public policy. 85 Ill. 2d at 130, 421 N.E.2d at 878. Because public policy favors the "investigation and prosecution of criminal offenses," the court held that the plaintiff, who alleged termination after reporting another employee's illegal conduct to local authorities, stated a cause of action for retaliatory discharge. *Palmateer*, 85 Ill. 2d at 133, 421 N.E.2d at 880.

But is the investigation of complaints, which may lead to further action, a task designated solely to public officials? *Johnson* and *Petrik* held that it is not. Since the thrust of *Palmateer* was to protect employees who urge enforcement of Illinois public policy (85 Ill. 2d at 132-33, 421 N.E.2d at 880), *Johnson* and *Petrik* reasoned that employees who expose violations deserve protection, regardless of whether they choose internal or external processes. *Johnson*, 147 Ill. App. 3d at 751-52, 498 N.E.2d at 578-79; *Petrik*, 111 Ill. App. 3d at 507-08, 444 N.E.2d at 592. We agree.

---

[1]See also *Belline v. K-Mart Corp.*, 940 F.2d 184 (7th Cir. 1991) (internal complaint sufficient); *Wheeler v. Caterpillar Tractor Co.*, 108 Ill. 2d 502, 485 N.E.2d 372 (1985) (an internal safety complaint regarding violations of the Nuclear Regulatory Commission's regulations does not preclude a retaliatory discharge claim); *Sherman v. Kraft General Foods, Inc.*, 272 Ill. App. 3d 833, 651 N.E.2d 708 (1995) (Fourth District) (employee protected where OSHA violation reported internally); *Fragassi v. Neiburger*, 269 Ill. App. 3d 633, 646 N.E.2d 315 (1995) (Second District) (implicitly allowing internal complaint); *Russ v. Pension Consultants Co.*, 182 Ill. App. 3d 769, 538 N.E.2d 693 (1989) (First District) (allowed retaliatory discharge action where employee refused employer's request that he engage in illegal activity); *Shores v. Senior Manor Nursing Center, Inc.*, 164 Ill. App. 3d 503, 518 N.E.2d 471 (1988) (Fifth District) (nurse's complaint to nursing home administrator sufficient to sustain claim).

Reports to internal personnel do not transform public issues into private disputes. See *Parr v. Triplett Corp.*, 727 F. Supp. 1163, 1166-67 (N.D. Ill. 1989). In many instances, complaints to internal personnel and supervisors may be the first step in an investigation. See *Hicks v. Clyde Federal Savings & Loan Ass'n*, 722 F. Supp. 501, 504 (N.D. Ill. 1989) ("well-intentioned employees" should not be penalized for attempting "to rectify wrongdoing internally prior to taking public action"). Employees contemplating a complaint must not be intimidated by fear of retaliation. See *Palmateer*, 85 Ill. 2d at 132-33, 421 N.E.2d at 880. This remains true whenever the health, safety or welfare of the public is involved.

■ Here, plaintiff complained of improper food storage, a matter affecting the health of the community. In order to protect the public from the type of conduct described, employees of food service providers must be able to freely report unsanitary conditions, as plaintiff attempted to do. Compliance with health codes, like compliance with the criminal code, is not a matter of private concern between an employer and an employee. Rather, it is a public concern of the highest magnitude. See *Palmateer*, 85 Ill. 2d at 132, 421 N.E.2d at 879 (speaking to the importance of criminal laws, the court held that "[t]here is no public policy *** more fundamental than the one favoring the effective protection of the lives and property of citizens"); *City of Chicago v. R.&X. Restaurant, Inc.*, 369 Ill. 65, 68, 15 N.E. 725, 727 (1938) ("The regulation of cooked food certainly tends to the promotion of health and assists in the suppression of disease").

Food service workers may be in the best position to document unsanitary practices. Employers are undoubtedly in the best position to rectify problems with food preparation, handling and storage. Failure to protect an employee who raises health concerns, even to his immediate supervisor, may stifle the willingness of other employees to complain of similar problems. To protect the public, this result must be avoided. Therefore, we answer the certified question as follows: Lanning's present complaint of retaliatory discharge is not precluded based on her failure to report an alleged health code violation to a public official.

## II

■ Morris also argues that because Lanning was not terminated in violation of a clear mandate of public policy, the trial court should have granted its motion to dismiss.

Jurisdiction over this interlocutory appeal derives from Supreme Court Rule 308 (155 Ill. 2d R. 308). The scope of a reviewing court's examination in an interlocutory appeal is strictly limited to the ques-

tion certified by the trial court. *Lanxon v. Magnus*, 296 Ill. App. 3d 377, 379, 694 N.E.2d 610, 611 (1998).

Although we have already addressed the importance of food service employees reporting unsanitary conditions, we will not consider Morris' public policy argument as a separate issue, as it is beyond the scope of the certified question. Accordingly, we decline Morris' request that we address this issue.

The certified question of the circuit court of Grundy County is answered.

Certified question answered.

BRESLIN and SLATER, JJ., concur.