No. 2--06--0408          Filed 2/14/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JACK CARTY, | ) | Appeal from the Circuit Court |
| | ) | of De Kalb County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 03--L--45 |
| | ) | |
| THE SUTER COMPANY, INC., | ) | Honorable |
| | ) | Kurt P. Klein, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Jack Carty, filed a two-count complaint against defendant, The Suter Company, Inc., alleging retaliatory discharge. The trial court granted summary judgment, holding that plaintiff cannot state a cause of action, and plaintiff timely appealed. We reverse and remand.

I. Background

Plaintiff was employed by defendant, a manufacturer of food products, from May 18, 1987, through July 1998, and from February 1999 until his termination on May 22, 2002. In count I of the complaint, plaintiff alleged that from December 2000 through May 2002, plaintiff worked, on average, 6 days per week for 11 hours per day and "rarely received a lunch break," in violation of the One Day Rest in Seven Act (820 ILCS 140/1 et seq. (West 2002)). On May 20, 2002, plaintiff confronted the plant manager about the issue. On May 22, 2002, defendant terminated plaintiff.

Plaintiff alleged that he was discharged in retaliation for reporting the lunch-break violation to the plant manager and that his discharge violates public policy.

In count II, plaintiff alleged that around May 17, 2002, he saw several buttermilk containers in the garbage with "use by" dates of May 25, 2002, and June 6, 2002. The buttermilk had been used in salads bearing "use by" dates of June 24, 2002, and the salads had been shipped to customers. In addition, plaintiff noticed that defendant had listed certain ingredients on a product label when those ingredients were not in the product. According to plaintiff, defendant's "batch-making and labeling practices were unlawful according to various federal laws and regulations." On May 20, 2002, plaintiff confronted the plant manager about the "questionable" practices. On May 22, 2002, defendant terminated plaintiff. Plaintiff alleged that he was discharged in retaliation for reporting his concerns to the plant manager and that his discharge violates public policy.

Plaintiff was deposed on December 9, 2003. His testimony was consistent with the allegations of his complaint. Sometime thereafter, defendant filed a motion for summary judgment. The record does not contain defendant's motion; however, it does contain plaintiff's response and defendant's reply. From these documents, and from the transcript of the hearing on the motion, we can glean defendant's argument for summary judgment. It appears that defendant argued that because plaintiff did not report the violations of state and federal law to government agencies, he cannot state a claim under the Illinois Whistleblower Act (740 ILCS 174/1 et seq. (West 2004)). In addition, defendant argued that plaintiff cannot state a claim because the statutes involved, i.e., the One Day Rest in Seven Act (820 ILCS 140/1 et seq. (West 2002)) and the Federal Food, Drug, and Cosmetic Act of 1938 (21 U.S.C. §342 (2000)), do not provide for a private right of action. In response, plaintiff

clarified that his cause of action arises under the common-law tort of retaliatory discharge, not the statutes themselves.

At the summary judgment hearing, the trial court initially noted that the facts do not present a whistleblower situation and held that the Whistleblower Act does not apply. Thereafter, the court granted defendant's motion, based on defendant's argument that the statutes at issue do not provide for a private right of action. Plaintiff timely appealed.

## II. Analysis

Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2--1005(c) (West 2002). The party opposing summary judgment is not required to prove his case at that stage, but he must present some factual basis arguably entitling him to a judgment. Duncan v. Peterson, 359 Ill. App. 3d 1034, 1043 (2005). "If a plaintiff fails to establish an element of the cause of action, then summary judgment for the defendant is proper." In re Estate of Albergo, 275 Ill. App. 3d 439, 446 (1995). We review de novo an order granting summary judgment. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102 (1992).

At the outset, it is necessary to clarify the precise issue before the court. In considering defendant's motion for summary judgment, the trial court focused its analysis on whether a private right of action can be implied under the One Day Rest in Seven Act (count I) and under the Federal Food, Drug, and Cosmetic Act (count II). Because the court concluded that no implied private right of action exists under either statute, it granted summary judgment for defendant. However, the trial court missed the issue and, consequently, applied the wrong analysis. A review of plaintiff's complaint makes clear that plaintiff is not attempting to bring a claim under either statute. Instead,

he is raising common-law retaliatory-discharge claims, citing the statutes only as the sources of the applicable public policies. Our analysis proceeds accordingly.

The common-law tort of retaliatory discharge was first recognized by our supreme court in Kelsay v. Motorola, Inc., 74 Ill. 2d 172 (1978). It is an exception to the general rule that an employer may discharge an at-will employee at any time for any reason or for no reason. Palmateer v. International Harvester Co., 85 Ill. 2d 124, 128 (1981). To state a claim of retaliatory discharge, a plaintiff must allege "that he was discharged in retaliation for his activities and that his discharge violates a clear mandate of public policy." Barr v. Kelso-Burnett Co., 106 Ill. 2d 520, 529 (1985); King v. Senior Services Associates, Inc., 341 Ill. App. 3d 264, 267 (2003). "The foundation of the tort of retaliatory discharge lies in the protection of public policy." Palmateer, 85 Ill. 2d at 133. The law in this area aims to strike a proper balance among employers' interests in operating their businesses efficiently, employees' interests in earning a livelihood, and society's interests in seeing its public policies carried out. Palmateer, 85 Ill. 2d at 129.

Here, the parties raise no issue as to whether plaintiff was discharged in retaliation for his activities. They do, however, contest whether his discharge violates clear mandates of public policy. We hold that it does.

While there is no precise definition of a clearly mandated public policy, it can be said generally that "public policy concerns what is right and just and what affects the citizens of the State collectively. *** [A] matter must strike at the heart of a citizen's social rights, duties, and responsibilities." Palmateer, 85 Ill. 2d at 130. Public policy has its origins in the state's constitution, statutes, and judicial decisions. Palmateer, 85 Ill. 2d at 130. Public policy can also be found in federal laws that are national in scope and affect citizens collectively. See Leweling v. Schnadig

Corp., 276 Ill. App. 3d 890, 893 (1995) (and cases cited therein). Where a plaintiff cites a statute as the basis for his retaliatory-discharge claim, the test for determining if the plaintiff has a cause of action "is whether the public policy clearly mandated by the cited provisions is violated by the plaintiff's discharge." Barr, 106 Ill. 2d at 527. "The application of this test necessarily involves determining what the public policy is behind the enactment or adoption of a particular provision. The public policy underlying a statutory or constitutional provision is found by examining the history, purpose, language and effect of the provision." Barr, 106 Ill. 2d at 527.

In count I, plaintiff alleged that he was discharged for reporting to the plant manager that he was not receiving his lunch break, in violation of the One Day Rest in Seven Act (820 ILCS 140/1 et seq. (West 2002)), which provides, in pertinent part:

"Every employer shall permit its employees who are to work for 7½ continuous hours or longer *** at least 20 minutes for a meal period beginning no later than 5 hours after the start of the work period." 820 ILCS 140/3 (West 2002).

Whether this statutory provision provides a basis for a retaliatory-discharge cause of action is a matter of first impression in Illinois.

At least one other jurisdiction has considered the issue. In Yates v. Hertz Corp., 285 F. Supp. 2d 1104 (M.D. Tenn. 2003), the plaintiff sued his former employer, alleging wrongful termination on the basis of retaliatory discharge in violation of public policy. The plaintiff's claim was based on a Tennessee statute that provided for a 30-minute unpaid rest break for employees scheduled to work six consecutive hours (Tenn. Code Ann. §50--2--103(d) (1999 & Supp. 2002)). Yates, 285 F. Supp. 2d at 1112. In holding that the plaintiff stated a claim for retaliatory discharge, the court reasoned as follows: "[The plaintiff] grounds his claim on the exercise of a right that has the imprimatur of the

Tennessee legislature, having been memorialized in a statute [citation]. [The] plaintiff does not ask the court to articulate public policy but merely to enforce it, as it has been established by the legislature." Yates, 285 F. Supp. 2d at 1115. So too here. Our legislature has clearly mandated a public policy that certain employees have statutory rights to 20-minute lunch breaks and that their employers have statutory obligations to provide such breaks. As noted in Yates, to disallow plaintiff's claim based on this statute would be to relieve defendant of its obligations under it. Yates, 285 F. Supp. 2d at 1115. In holding for plaintiff, we are not declaring public policy; the legislature has already done so. Thus, because count I establishes a cause of action for retaliatory discharge, summary judgment for defendant on this count was improper.

With respect to count II, plaintiff alleged that he complained to the plant manager that buttermilk with expiration dates of May 25, 2002, and June 6, 2002, was used in salads that had "use by" dates of June 24, 2002. Plaintiff also complained of mislabeling on certain food items. Plaintiff alleged that his discharge for expressing his concerns to the plant manager violates public policy. Although in his complaint plaintiff did not specify the "federal laws" that were the basis for the public policy, the record is otherwise clear that plaintiff contends that defendant's practices violated sections 342 and 343 of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §§342, 343 (2000)). The question for this court is not whether the cited provisions apply in this case or even whether plaintiff pleaded sufficient facts establishing that defendant violated the provisions; rather, the question is whether the provisions "enunciate a public policy that plainly covers the situation to which the plaintiff objects." Stebbings v. University of Chicago, 312 Ill. App. 3d 360, 367 (2000). We hold that they do.

The primary purpose of the Federal Food, Drug, and Cosmetic Act is the protection of public health. United States v. An Article of Drug ... Bacto-Unidisk ..., 394 U.S. 784, 798, 22 L. Ed. 2d 726, 736, 89 S. Ct. 1410, 1418 (1969). Compliance with laws affecting the health of the community "is a public concern of the highest magnitude." Lanning v. Morris Mobile Meals, Inc., 308 Ill. App. 3d 490, 493 (1999). Indeed, "[t]here is no public policy more important or more fundamental than the one favoring the effective protection of the lives and property of citizens." Palmateer, 85 Ill. 2d at 132. "Failure to protect an employee who raises health concerns, even to his immediate supervisor, may stifle the willingness of other employees to complain of similar problems. To the protect the public, this result must be avoided." Lanning, 308 Ill. App. 3d at 493.

In order to protect the public from the dangers associated with the use of spoiled food products and the mislabeling of food products, employees of manufacturers of food products must be able to freely report their concerns, as plaintiff attempted to do. Accordingly, we hold that the trial court improperly granted summary judgment to defendant on count II.

### III. Conclusion

Based on the foregoing, we reverse the order of the circuit court of De Kalb County granting summary judgment for defendant, and we remand the case.

Reversed and remanded.

O'MALLEY and CALLUM, JJ., concur.