**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210611-U

Order filed September 16, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| CAMELIA LEMUS, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Putnam County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| COLOR POINT, LLC, and MID-AMERICAN | ) | Appeal No. 3-21-0611 |
| GROWERS, INC., | ) | Circuit No. 20-L-1 |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Mid-American Growers, Inc., | ) | Honorable |
| | ) | Paul E. Bauer, |
| Defendant-Appellee.) | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Dismissal of former employee's claim alleging retaliatory discharge was reversed since the former employee was reporting potential criminal acts by a coworker to the defendant, and the claim was not inextricably linked to an alleged civil rights violation under the Illinois Human Rights Act.

¶ 2     The plaintiff former employee appealed the dismissal of her second amended complaint alleging wrongful termination by the defendant former employer. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     As alleged in the second amended complaint, the plaintiff, Camelia Lemus, had been employed by the defendant, Color Point, LLC,[1] for a number of years prior to the termination of her employment in 2019. The plaintiff, as the human resources manager, was responsible for investigating and reporting incidents of sexual harassment and misconduct. In July 2018, the plaintiff received complaints regarding another employee of the defendant and, in the course of her employment, she began investigating those complaints. The plaintiff alleges that employees of the defendant engaged in a campaign of intimidation, including searching through her desk at work, following the plaintiff home from work on multiple occasions, and verbally threatening the plaintiff if she continued investigating the complaints. The plaintiff reported the intimidating conduct to her superiors, including the defendant's director of human resources. On January 18, 2019, the plaintiff was informed that her employment with the defendant was being terminated. The plaintiff alleges that she was terminated as a direct result of her reports of harassment, intimidation, and fear to her superiors. In count I, the plaintiff alleges retaliatory discharge in "violation of a clearly mandated public policy," specifically, the public policy against stalking and enforcement of the criminal code. In count II, the plaintiff alleges intentional infliction of emotional distress by the defendant.

_____

[1]The plaintiff's complaint names Color Point, LLC, as the defendant, but Mid-American Growers, Inc. filed an appearance and indicated that it was the proper defendant. The trial court substituted Mid-American Growers, Inc., as defendant and dismissed Color Point, LLC, from the case.

¶ 5        The defendant filed a motion to dismiss the second amended complaint pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2020)), arguing that the plaintiff's wrongful termination claim was preempted by the Illinois Human Rights Act (the Act) (775 ILCS 5/1-101 *et seq.* (West 2020)), her allegations reflected private concerns, and the plaintiff failed to identify a clearly mandated public policy violated by the termination of her employment. Also, the defendant moved to dismiss the intentional infliction of emotional distress claim because the plaintiff failed to allege conduct by the defendant that was extreme or outrageous. The trial court granted the motion to dismiss with prejudice, and the plaintiff appealed the dismissal of her wrongful termination claim.

¶ 6                                    II. ANALYSIS

¶ 7        The plaintiff alleges that the trial court erred in granting the defendant's motion to dismiss count I of her complaint because her complaint sufficiently pled an actionable retaliatory discharge. Since a motion to dismiss pursuant to section 2-615 of the Code, challenges the legal sufficiency of a complaint, a cause of action should not be dismissed unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). We review *de novo* an order granting a motion to dismiss pursuant to section 2-615 of the Code. *Id.*

¶ 8        Illinois is an at-will employment state, and a noncontracted employee may be discharged for any, or even no, reason. *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500 (2009) (citing *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 32 (1994)). However, there is a limited and narrow cause of action for the tort of retaliatory discharge as an exception to at-will employment in Illinois. *Id.* "A claim of retaliatory discharge is permissible where 'an employee is discharged in retaliation for the reporting of illegal or improper conduct,' also known as 'whistle blowing.' "

*Lanning v. Morris Mobile Meals, Inc.*, 308 Ill. App. 3d 490, 491 (1999) (quoting *Jacobson v. Knepper & Moga, P.C.*, 185 Ill. 2d 372, 376 (1998)). To state a claim for retaliatory discharge, an employee must allege that the employer discharged the employee in retaliation for the employee's activities and that the discharge violates a clear mandate of public policy. *Turner*, 233 Ill. 2d at 500.

¶ 9     The plaintiff alleged that she was terminated in retaliation for her reports that she was the victim of stalking and harassment by a coworker, some of which took place at the workplace. The defendant contends that the plaintiff's concerns were purely private in nature, specifically, her private dispute with a coworker. However, there is "no public policy more basic, nothing more implicit in the concept of ordered liberty [citation], than the enforcement of a State's criminal code." *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 132 (1981). In *Palmateer*, the Illinois Supreme Court found that the plaintiff had stated a cause of action for retaliatory discharge when the plaintiff alleged that he was fired for reporting a coworker's possible theft to local authorities and agreeing to cooperate in any criminal investigation. *Id.* We have found that employees deserve the same protection, whether they choose an internal or external process when reporting violations. See *Lanning*, 308 Ill. App. 3d at 493 (complaint of retaliatory discharge was not precluded when employee reported an alleged health code violation, which is a public concern like compliance with the criminal code, to her supervisor rather than to a public official).

¶ 10     We find that the plaintiff has sufficiently alleged a claim of retaliatory discharge for the reporting of potential criminal acts by a coworker to the defendant. The plaintiff was investigating the complaints against another employee as part of her job with the defendant, and some of the alleged criminal acts occurred at her place of employment, or at least began there. Any relationship

between the plaintiff and coworker was not a private matter; it only existed because of their work relationship.

¶ 11 The plaintiff also contends that her wrongful termination claim is not preempted by the Act (775 ILCS 5/1-101 *et seq.* (West 2020)). The Act, along with its related rules and regulations, establishes comprehensive administrative procedures for addressing alleged civil rights violations in, *inter alia*, employment. *Blount v. Stroud*, 232 Ill. 2d 302, 310 (2009). Under the Act, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation ***." 775 ILCS 5/8-111(D) (West 2020). Thus, the Act preempts any tort claims that are inextricably linked to a claim of sexual harassment. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 517 (1994).

¶ 12 We conclude that the plaintiff's common law wrongful termination claim of retaliatory discharge, based upon her reporting alleged criminal stalking, is not inextricably linked with a civil rights violation since the "plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [Act]." See *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 519 (1997) (plaintiff's common law tort claims of assault, battery and false imprisonment were not inextricably linked with claims of sexual harassment where plaintiff established the necessary elements of each tort independent of any legal duties created by the Act); see also *Blount*, 232 Ill. 2d at 316 (trial court had jurisdiction over plaintiff's common law retaliatory discharge claim, which was based on plaintiff's refusal to commit perjury in underlying discrimination action).

¶ 13 The plaintiff has not appealed the dismissal of count II of her second amended complaint, so the dismissal of her claim of intentional infliction of emotional distress is left undisturbed.

¶ 14 III. CONCLUSION

¶ 15       The judgment of the circuit court of Putnam County is reversed as to count I of the plaintiff's second amended complaint and the cause is remanded for further proceedings with respect to count I.

¶ 16       Reversed in part and remanded.