(No. 20425.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* JOHN LEWIS *et al.* Appellants.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

GEORGE W. McCOLLEY, DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY, and CRAIG VANMETER, for appellants.

OSCAR E. CARLSTROM, Attorney General, (HARLINGTON WOOD, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Department of Public Works and Buildings filed a petition in the circuit court of Jasper county to condemn for use as a public highway a strip of land belonging to John and Barbara Lewis, 63 feet wide and 1387 feet long, containing 1.91 acres. The owners filed a cross-petition for damages to land not taken. Upon a trial the jury awarded them $105.05 as compensation for the land taken and $200 as damages to land not taken. From the judgment rendered on the verdict the defendants have appealed.

The land was sought to be condemned as a part of Route No. 33 under the Sixty Million Dollar Road Bond Issue act of 1917. (Laws of 1917, p. 696.) Route No. 33 is described as "beginning in a public highway at Effingham and running to Robinson, affording Effingham, Newton, Robinson and the intervening communities reasonable connections with each other." It was constructed from Effingham to Robinson several years before the filing of the petition in this case except over the land in question, around which the travel has been detoured. The land in question lies in section 17, between Wheeler, in Jasper county, and Dietrich, in Effingham county, which are about four miles apart, and is about a mile west of Wheeler. Wheeler and Dietrich are communities between Effingham and Newton, and the latter two are twenty-three or twenty-four miles apart.

The defendants, before the trial, made a motion to dismiss the petition, which the court denied, and by their assignments of error and argument the appellants insist that the court erred in denying their motion as well as in its rulings on the evidence, in making prejudicial statements in the presence of the jury and in instructing the jury.

Section 2 of the Eminent Domain act has declared specifically what facts must appear on the face of the petition where the right to take private property for public use without the owner's consent is sought to be enforced, and the court or judge is powerless to take any action in the premises until a petition is filed containing the statutory requisites, for it is by the petition that jurisdiction of the subject matter is obtained. Every petition must therefore contain all the statutory requirements and show the authority of the petitioner to take the specific land sought to be taken and the object or purpose for which it is required. (*Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511.) No answer or plea is required of the defendant and if one is filed it may be stricken from the files. The only question to be tried by the jury is the amount of compensation to be awarded, and no issue is required to be made but the parties may submit their evidence on that one question. (*O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151.) While no plea or answer is required of the property owner he has the undoubted right to contest the petitioner's right to condemn, and this he may do by motion to dismiss, and when he does so the burden is thrown upon the petitioner to maintain its right by proper proof. (*Lieberman* v. *Chicago Rapid Transit Railroad Co.* 141 Ill. 140; *City of Chicago* v. *Lehmann,* 262 id. 468; *Harvey* v. *Aurora and Geneva Railway Co.* 174 id. 295.) Section 9 of the 1917 Road Bond Issue act required "that the general location of the routes upon and along which said proposed roads are to be constructed shall be substantially as described in this section, so as to connect, with each other, the different communities and the principal cities of the State. * * * Route No. 33. Beginning in a public highway at Effingham and running to Robinson, affording Effingham, Newton, Robinson and the intervening communities reasonable connections with each other."

The appellants by their written motion to dismiss showed as grounds for the motion that the petitioner was not authorized to exercise the right of eminent domain as to the premises described in the petition; that the premises are alleged to be needed for use as a right of way for a part of State Bond Issue Route No. 33, established by the act of June 22, 1917, providing for a bond issue of sixty million dollars and for a system of public roads to be constructed from the proceeds of the bond issue; that the act provided that Route No. 33 should be located as follows: Beginning in a public highway at Effingham and running to Robinson, affording Effingham, Newton, Robinson and the intervening communities reasonable connections with each other; that under said act of the legislature Route No. 33 was required to be built on public highways except where minor changes in the location of said route became necessary to effectuate the provisions of the act, but that it was not laid out and built on public highways but was laid out between the cities of Effingham and Newton adjacent to the right of way of the Illinois Central Railroad Company for a distance of approximately twenty-four miles where no public highway had ever existed before, with the exception of about three miles adjacent to the city of Effingham, although there were existing public highways which were laid out and in use connecting the cities of Effingham and Newton at the time of the passage of the act and at the time Route No. 33 was laid out and built, which existing public highways were feasible for use as Route No. 33, and the petitioner has no right to condemn these premises for the purpose of building said entirely new public highway laid out approximately twenty-four miles along the right of way of the Illinois Central Railroad Company between Effingham and Newton, in violation of the statute. Attached to the motion was the affidavit of the appellant John Lewis, stating that he had read the motion, was familiar with its contents, and that the matters and facts alleged in it were

true. This motion was filed on April 12, 1930, and an amendment to the motion was filed on April 23 by leave of court, setting up as additional reasons why the petition for condemnation should be dismissed that no resolution was attached laying out State Bond Issue Route No. 33 and there was nothing in the petition showing that it was ever attempted to be laid out by legal resolution; that no proper plans were attached to the petition showing what construction work was to be done on the premises proposed to be taken and no plans of the proposed work were attached to the petition.

An affidavit sworn to by Vernon Jacobs, Herman Engelbart, Summers Keene and John Probst was filed on April 25, stating that they had read the motion to dismiss filed by the defendants, they verily believed that the matters and facts set forth in the motion were true, and say that before Route No. 33 was laid out along the right of way of the Illinois Central Railroad Company there had been laid out an "E" and "R" (Effingham and Robinson) trail, which followed existing public highways between Effingham and Robinson *via* Dietrich, Wheeler, Newton and other communities east of Newton, and that affiants believed that the highways used for the "E" and "R" trail were feasible for use for Route No. 33, and that it was not for the best interests of the State of Illinois to construct a new public highway along the right of way of the Illinois Central Railroad Company for approximately twenty miles between Effingham and Newton, which new highway crossed the premises of the defendants. Affiants said that one of the routes used between Effingham and Newton before the adoption of the act of 1917 was to follow the existing public highway from Effingham to Teutopolis, then to follow the existing public highways from Teutopolis to Dietrich, then to follow the existing public highways from Dietrich to Wheeler, and then to follow the existing public highways south three miles from Wheeler and then straight east on

existing public highways into Newton, and the affiants believed that that route would have been a feasible route for laying out Route No. 33 on existing public highways. Affiants further stated that the land the petitioner was seeking to condemn was located along the north side of the right of way of the Illinois Central Railroad Company where there was no existing public highway between Wheeler and Dietrich, these two towns being approximately four miles apart, and that the road between Wheeler and Dietrich is located the whole way on a new road where no highway existed prior to laying out Route No. 33, and that at the time of laying Route No. 33 there was an existing public highway between Wheeler and Dietrich which was approximately the same length as the route adopted by the Department of Public Works and Buildings, which existing public road ran about one-half mile north of the land sought to be condemned in these proceedings and was a well-kept-up public highway, which was generally traveled by persons in that community, ran across level country and was suitable and feasible for use as Route No. 33.

On April 28, 1930, the appellants presented their preliminary motion to dismiss the petition for the reasons stated in their written motion, and also filed by leave of court an amendment to this written motion to dismiss, setting up additional reasons for such dismissal. On the hearing of the motion counsel for the defendants offered in evidence the motion to dismiss signed by the defendants and sworn to by John Lewis, and also the amendment to the motion to dismiss, and inquired if they would be admitted, to which the court replied, "I don't hear any objection." Counsel then stated, "We also offer in evidence affidavit in support of motion to dismiss, signed by Vernon Jacobs, Herman B. Engelbart, Summers Keene and John Probst, which has been marked for identification as defendants' exhibit 3." Counsel for the petitioner then addressed the court, saying:

"If the court please, the defendants have offered here in the record, first, the preliminary objections to the petition to condemn; and second, an amendment to this preliminary motion, what they have termed a motion to dismiss; and third, what purports to be an affidavit signed by some four affiants as to matters which if at all admissible by way of proof, it is not a proper pleading at all, as I understand proceedings of this kind that are concerned with this situation. The petitioner has filed its petition to condemn. Now, there are no pleadings in a condemnation suit save that of a cross-petition, if the defendant desires to set up damages to land not taken. That does not mean that the defendant may not come in and be heard on the right to condemn. By filing their motion to dismiss they are questioning the right of the petitioner to condemn. The court is privileged to hear evidence and the law in support of the right of the petitioner to condemn. Now, the only proper way to submit proof is by the production of the witnesses on the stand. The substance of the affidavit is the bringing up of facts which, if they mean anything at all, would tend to show that some other route was a more feasible route for the Department of Public Works and Buildings to have selected, and that is a question of proof. I don't think these matters here which have been offered are properly admissible in the record. They have filed, and which is a part of the papers here, a motion to dismiss, amendment to motion and affidavit in support of motion, and they are a matter of record now. I wish to state further, that in the amendment to the motion to dismiss they have set up matters here which go as to the sufficiency of the pleadings. This amendment to the motion is in effect a demurrer to the petition. The court does not have these matters before him, but I submit them here for the consideration of the court on these suggestions.

The court: "I am not convinced that they are necessary and the motion will be denied; and as to whether this is the proper location, that is a matter for the hearing.

260

Mr. Wood: "As I understand, your honor's ruling goes both as to the contents of the motion and the amended motion?

The court: "Yes; it is one motion, as I take it."

The appellants having denied the right of the petitioner to exercise the power of eminent domain, the burden rested upon the petitioner, on the motion to dismiss, to show its right by the production of evidence, and it introduced no evidence on that question.

Exactly what the court meant by saying, "I am not convinced that they are necessary," or what it was whose necessity he thought was doubtful, is not apparent, but he made it clear enough that he denied the motion to dismiss without hearing any evidence to justify such action; and it also seems apparent from his statement, "That is a matter for the hearing," that he regarded the question whether the proper location for the road was over the appellants' land as one to be submitted to the jury. This, of course, was manifestly wrong, since the jury in a condemnation case have nothing to do with any question except the amount of compensation which the defendant is entitled to receive for his land which is taken and the amount of damage to his land not taken. *Harvey* v. *Aurora and Geneva Railway Co. supra.*

There is no necessity to discuss the proceedings before the jury, including the rulings on evidence and instructions. If there should be another trial the same questions are not likely to arise.

The judgment is reversed and the cause is remanded to the circuit court, with directions to hear the motion to dismiss the petition upon such competent evidence as may be offered, to allow such amendments, if any, as either party may desire, and proceed in accordance with this opinion.

*Reversed and remanded, with directions.*