THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* R. W. Mc GOVERN, Trustee, *et al.*, Respondents-Appellees.

Fifth District    No. 80-498

Opinion filed January 27, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Roy E. Frazier and Robert D. Larson, Assistant Attorneys General, of counsel), for appellant.

Dailey & Walker, of Granite City, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

This is an interlocutory appeal from a ruling of the circuit court of Madison County entered in a condemnation proceeding instituted by petitioner, the Department of Transportation of the State of Illinois, in which respondents, Henry Ross and Henry Ross Construction Company, Inc., filed a cross-petition for damages. The Department's motion to dismiss such cross-petition was denied, and this court granted the Department's petition for leave to appeal from that ruling.

On appeal the Department contends that: (1) the cross-petition failed to state a cause of action; (2) cross-petitioners were without standing to pursue the claims set forth in the cross-petition; and (3) assuming cross-petitioners have both a cause of action and standing, the Illinois Court of Claims and not the circuit court is the proper forum for that cause of action.

The first two of these contentions apparently raise issues not yet considered by Illinois courts of review; however, it is not necessary for this court to address them in view of our conclusion that the cause must be reversed upon the Department's third contention.

The record establishes that the Department in the case at bar sought to condemn a parcel of real estate which is a portion of a larger tract of land which cross-petitioners had obtained an option to purchase prior to April of 1976 for the purpose of developing and erecting a shopping center. In their cross-petition, respondents allege that they requested that the Department issue a driveway permit for access to a presently existing highway but that by letter dated April 30, 1976, the Department notified them that the land was needed by it for future development. It is further alleged that by letter to cross-petitioners and the owners of the parcel dated June 10, 1976, the Department stated:

"You are hereby notified that the department, at this time, does not intend to acquire the needed right of way * * *."

According to the allegations of the cross-petition, respondents thereafter procured surveys, engineering data, tentative plans and other necessary information and studies preliminary to their development of the real estate. The amended cross-petition further avers that respondents, in reliance upon the June 10, 1976, letter, proceeded with their shopping center plans, making substantial expenditures for engineering data, drawings, estimates, consultations, and virtually all of the preliminary work necessary for sending out invitations for bids to develop the project.

According to the cross-petition, after additional written and oral declarations by the Department of its lack of interest or intent to condemn, the Department, by letter dated February 25, 1977, rescinded its letter of June 10, 1976, and again declared an intent to take the property in question.

Respondents allege that the Department failed to comply with section 4—510 of the Illinois Highway Code (Ill. Rev. Stat. 1979, ch. 121, par. 4—510). They sought damages alleged to have resulted from their failure to exercise their option to purchase the real estate in question after expending large sums in reliance upon the Department's representation that it did not intend to acquire the land in question.

Section 4—510 of the Code provides in part as follows:

"* * *[N]o one shall incur development costs or place improvements in, upon or under the land involved * * * without first giving 60 days notice by registered mail to the Department. * * * The Department shall have 45 days after receipt of that notice to inform the owner of the Department's intention to acquire the land involved; after which, it shall have the additional time of 120 days to acquire such land by purchase or to initiate action to acquire said land through the exercise of the right of eminent domain. When the right of way is acquired by the State no damages shall be allowed for any construction, alteration or addition in violation of this Section unless the Department has failed to acquire the land by purchase or has abandoned an eminent domain proceeding initiated pursuant to the provisions of this paragraph." Ill. Rev. Stat. 1979, ch. 121, par. 4—510.

The parties concede that cross-petitioners never exercised their option to purchase the real estate which is the subject matter of this dispute. However, respondents urge that their claim is not for compensation for the taking of a property interest, compensable in eminent domain proceedings; instead, they emphasize that they seek damages resulting from the Department's failure properly to comply with section 4—510 of the Illinois Highway Code. The Department maintains that pursuant to the Court of Claims Act, cross-petitioners' claims were under the exclusive jurisdiction of the court of claims.

The Court of Claims Act provides in pertinent part as follows:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency * * *.

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or

corporation in a civil suit * * *." (Ill. Rev. Stat. 1979, ch. 37, par. 439.8.)

This plain language of section 8 of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.8) requires that a claim for damages such as that set forth in the amended cross-petition be filed in the court of claims. Cross-petitioners do not contend otherwise. Instead, they argue that, by filing the condemnation petition naming cross-petitioners as respondents, the Department selected the forum and, under the facts alleged, it is not now in a position to dispute respondents' right to a hearing in such proceedings. Thus, the issue presented to this court for determination is whether cross-petitioners' cause of action may be maintained in the circuit court due to its status as a cross-petition rather than an original complaint. Stated otherwise, does section 4—510 of the Illinois Highway Code create an exception to the traditional exclusive jurisdiction of the court of claims in the case of a counterclaim for damages in an eminent domain proceeding?

It is our opinion that no such exception exists. Our conclusion is based upon the unique nature of eminent domain proceedings. In such proceedings the jury is impaneled solely for the purpose of ascertaining the just compensation to be paid to the owner of the property sought to be taken or which is damaged. This is the only issue triable by the jury in such a case. (*Sanitary District v. Johnson* (1931), 343 Ill. 11, 174 N.E. 862; *Wehrum v. Village of Lincolnwood* (1968), 91 Ill. App. 2d 418, 235 N.E.2d 343.) Thus, it has been held that in order to be admissible in a condemnation proceeding, evidence as to damages to land not taken by petitioner must be specifically related to a diminution in the fair market value of that land. (*Department of Transportation v. Jones* (1976), 44 Ill. App. 3d 592, 358 N.E.2d 402.) Further, the question of damages for tortious action by the condemning authority with respect to the real estate taken, *e.g.*, tortious trespass to the land prior to the condemnation proceeding, cannot be an issue in the condemnation proceedings. (*Wehrum v. Village of Lincolnwood*; *Chicago Housing Authority v. Lamar* (1961), 21 Ill. 2d 362, 172 N.E.2d 790; see 4A Nichols, Eminent Domain §14.24, at 130-31.) Additionally, the owner of abutting land, no part of which is taken in the condemnation proceeding, is not entitled under the United States or Illinois constitutions to ascertainment of the amount of or payment of any consequential damages claimed by him in a condemnation proceeding. In such case, the remedy of such abutting owner is an action at law for his damages. *County of Mercer v. Wolff* (1908), 237 Ill. 74, 86 N.E. 708; *Horn v. City of Chicago* (1949), 403 Ill. 549, 87 N.E.2d 642, *cert. denied* (1950), 338 U.S. 940, 94 L. Ed. 580, 70 S. Ct. 429; *People ex rel. Pratt v. Rosenfield* (1948), 399 Ill. 247, 77 N.E.2d 697.

These cases, therefore, are authority for the proposition that the scope of eminent domain proceedings is strictly limited. Moreover, not only is a respondent not required to file an answer to a condemnation petition, if one is filed, it may be subject to a motion to strike. *Department of Public Works & Buildings v. Lewis* (1931), 344 Ill. 253, 176 N.E. 345.

It is essential to observe that section 4—510 of the Illinois Highway Code is not a provision of the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 1 *et seq.*). Further, no mention is made in section 4—510 of any particular method of pursuing whatever rights a party might acquire thereunder. Had the legislature intended to change the scope of eminent domain proceedings by permitting the rights established by section 4—510 to be asserted in such proceedings, it could have done so. In that regard, the legislature is presumed to have acted with knowledge of judicial decisions concerning prior case law. *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670; see *People v. Bernette* (1964), 30 Ill. 2d 359, 197 N.E.2d 436, *aff'd on remand* (1970), 45 Ill. 2d 227, 258 N.E.2d 793; see *Reeves v. Eckles* (1966), 77 Ill. App. 2d 408, 222 N.E.2d 530, *aff'd on remand* (1969), 108 Ill. App. 2d 427, 248 N.E.2d 125.

We conclude that the instant amended cross-petition may not be maintained in these proceedings and that the trial court erred in denying the Department's motion to dismiss. Therefore, the judgment of the circuit court of Madison County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, P. J., and JONES, J., concur.