**MAPLE LANES, INC., d/b/a Frankie's and Kenneth J. George, Sr., Plaintiffs–Appellants,**

v.

**Mel MESSER, individually and in his official capacity as Sheriff of Ogle County and Ogle County Sheriff's Department, Defendants–Appellees.**

No. 98–4158.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1999.

Decided July 27, 1999.

824

Rene Hernandez (argued), Belvidere, IL, for Plaintiffs–Appellants.

Dennis K. Sheehan (argued), Norton, Mancini, Argentati, Weiler & Deano, Wheaton, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

On May 9, 1996, Mel Messer, Sheriff of Ogle County, Illinois, issued the following statement to the *Rochelle News–Leader*, a local newspaper: "We are targeting businesses that supplement their income with cocaine and drug sales, just like we did with Frankie's in Rochelle." The newspaper published this statement, and shortly thereafter the city of Rochelle revoked the liquor license held by Maple Lanes, Inc., d/b/a Frankie's. In response, Maple Lanes and Kenneth George, Sr., its president and principal shareholder (collectively referred to as "Maple Lanes"), filed suit against Messer, individually and in his official capacity as Sheriff of Ogle County, and the Ogle County Sheriff's Department, claiming that Messer violated their civil rights under 42 U.S.C. § 1983. According to the complaint, the alleged false and defamatory statement resulted in the revocation of Maple Lanes's liquor license and caused a loss of property and economic interest without due process of law and a host of other injuries to George.

The district court granted defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court first noted that the Ogle County Sheriff's Department was an improper party based on the fact that no such governmental entity existed. The court dismissed the remaining claims against Messer because the city of Rochelle, and not Messer, actually deprived Maple Lanes of its alleged property interest, the liquor license. In essence, the district court determined that the defamatory statement made by Messer was separate and distinct from the revocation of Maple Lanes's liquor license, as it was the city and not the sheriff that revoked the license. Maple Lanes appeals only the district court's determination with respect to the claims against Messer.

We review a district court's grant of a motion pursuant to Rule 12(b)(6) *de novo*, accepting all of the well-pleaded allegations in the complaint as true and

drawing all reasonable inferences in favor of the plaintiff. *See Hi–Lite Prods. Co. v. American Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir.1993). Such a motion challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Within the state of Illinois, the Liquor Control Act of 1934 governs the revocation of liquor licenses and administrative and judicial review of such revocations. *See* Ill. Comp. Stat. § 5/1–1 *et seq.* According to the Act, the local liquor commissioner may revoke any license issued by him if he determines that the licensee has violated any of the provisions of the Act, any valid ordinance or resolution enacted by the local government, or any rule or regulation established by the local or state liquor commission. *See* 235 Ill. Comp. Stat. § 5/7–5. A liquor license may only be revoked after a public hearing and pursuant to a written order by the local commissioner. *Id.* The Act provides for administrative review of any revocation to the Illinois Liquor Control Commission, *see* 235 Ill. Comp. Stat. § 5/7–9, and for judicial review pursuant to the provisions of the Illinois Administrative Review Law, *see* 235 Ill. Comp. Stat. § 5/7–11. If a licensee is unsuccessful in his pursuit of review of the revocation of the license according to the procedures set forth in the Act, the revocation of the liquor license results in a final state court judgment against the licensee.

During oral argument and in response to a question posed by this Court, counsel for Maple Lanes represented that Maple Lanes pursued state court review of the revocation of its liquor license to an unsuccessful end. In the case before us, it is apparent that Maple Lanes seeks to attack collaterally the revocation of its liquor license by asserting a defamation case against Messer. The statement Messer made to the *Rochelle News–Leader* set in motion a proceeding that led to the valid revocation of Maple Lanes's liquor license. Maple Lanes was unsuccessful in its efforts to get the license restored through state court proceedings and now seeks the monetary value of this license as damages in its defamation suit by attempting to mount an end-run around the adverse outcome in state court.

■ The *Rooker–Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over claims seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In assessing the applicability of the *Rooker–Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996). The injury of which Maple Lanes complains—the loss of the liquor license—stems directly from the state court judgment upholding the revocation of the license. Maple Lanes's effort to portray this injury as a federal civil rights violation is insufficient to overcome the *Rooker–Feldman* doctrine. A plaintiff may not circumvent the effect of the *Rooker–Feldman* doctrine simply by casting his complaint in the form of a federal civil rights action. *See Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir.1993). In essence, Maple Lanes seeks to undo the effect of the revocation of its liquor license by collecting an amount of damages from Messer for the alleged violation of its constitutional rights equal to the monetary value of the license. The *Rooker–Feldman* doctrine does not permit this result.

If a federal court were to award the relief Maple Lanes seeks in the form of monetary damages equal to the value of the liquor license, this result would effectively reverse the state court judgment upholding the revocation of the liquor license. There is little difference between awarding Maple Lanes the monetary value of the license and the license itself. Because the district court lacked subject matter jurisdiction in this case, we VACATE the order dismissing the complaint for failure to state a claim and REMAND with instructions to dismiss for lack of jurisdiction.