**John P. WALLISER, Plaintiff–Appellant,**

v.

**Norman Y. MINETA, Secretary, U.S. Department of Transportation, Kirk Brown, individually and in his capacity as Secretary, Illinois Department of Transportation, and Thomas Cuculich, Chairman Illinois State Toll Highway Authority, et al. Defendants–Appellees.**

No. 01–2811.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 2002.

Decided April 19, 2002.

Before Hon. FLAUM, Hon. COFFEY, Hon. KANNE, Circuit Judges.

## ORDER

This lawsuit, like each of Plaintiff–Appellant John P. Walliser's five prior lawsuits, concerns the condemnation of Walliser's home by the Illinois Department of Transportation ("IDOT"), in conjunction with the United States Department of Transportation ("USDOT"), in order to extend Interstate 355 through the far south suburbs of Chicago. The district court dismissed the case, and Walliser appeals. We affirm.

Because Walliser's property in Homer Township, Ill., was in the path of the proposed tollway, IDOT purchased Walliser's home and evicted him. Walliser subsequently filed this lawsuit, seeking equitable relief and damages for injuries allegedly caused by: (1) IDOT's arbitrary and capricious actions; and (2) IDOT's denial of his right to contest its decisions through any type of administrative hearing. Specifically, Walliser seeks to litigate at least five issues: (1) whether IDOT violated his due process rights by allegedly taking his property without granting him the hearings required by the Illinois Displaced Person Relocation Act, 310 ILCS 40/0.01 *et seq.;* (2) whether IDOT violated his equal protection and due process rights by allegedly taking his property in violation of the Illinois Highway Code, 605 ILCS 5/4–510 *et seq.;* (3) whether IDOT and USDOT violated federal law in failing to conduct various environmental studies before beginning the highway extension project; (4) whether USDOT failed to comply with the Uniform Relocation Assistance and Real Property Acquisitions Act ("URARPA"), 42 U.S.C. § 4601 *et seq.;* and (5) whether IDOT subjected him to a malicious abuse of process.

After review of the record, we conclude that Walliser has had the opportunity to litigate all of these above-stated claims (or similar claims arising out of the same set of operative facts) in one or more of his previous lawsuits in state and federal court. *See Walliser v. Brown,* 124 F.3d 206, 1997 WL 471347 (7th Cir.1997) (unpublished order), *aff'g* 1996 WL 479694 (N.D.Ill.1996); *Sierra Club v. USDOT,* 962 F.Supp. 1037 (N.D.Ill.1997); *Walliser v. Brown,* 3–98–0342 (Ill.App.Ct.1999) (unpublished), *leave to appeal denied,* 188 Ill.2d 585, 246 Ill.Dec. 132, 729 N.E.2d 505 (Ill.2000) (table); *People v. Walliser,* 258 Ill.App.3d 782, 196 Ill.Dec. 345, 629 N.E.2d 1189 (Ill.App.Ct.1994); *Downers Grove Nat'l Bank v. Brown,* 3–93–0443 (Ill.App. Ct.1994) (unpublished).

Pursuant to the *Rooker–Feldman* doctrine, federal courts lack the authority to review claims that are inextricably intertwined with matters previously determined in a state court ruling. *See District of Columbia Court of Appeals v. Feldman,*

460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Indeed, a party may not relitigate matters raised in prior state court proceedings even if the federal court is convinced that the state court's decision was unreasonable, in error, or contrary to law. *See Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir.2001); *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825–26 (7th Cir.1999). Similarly, pursuant to the doctrine of res judicata, a party and those in privity with the party are precluded from relitigating claims that were or could have been raised in a prior civil action. *Olson v. United States*, 989 F.2d 229, 231 (7th Cir.1993). "Every legal theory pertaining to one transaction is part of a single claim." *United States v. County of Cook*, 167 F.3d 381, 383 (7th Cir.1999).

All of Walliser's claims in this case are tied to the fact that he sold his property to IDOT and then was frustrated by the refusal of IDOT and/or USDOT to award him adequate damages or allow him to build a new home in the path of the proposed tollway. Indeed, although Walliser stated at oral argument that he never could have previously raised the issue of whether he was a "displaced person" within the definition of the Illinois Displaced Person Relocation Act, he conceded both at oral argument and in his brief that the Illinois Appellate Court considered and rejected this very issue during one of Walliser's prior lawsuits. (Reply at 10) ("The State Appellees convinced the [s]tate [a]ppellate [c]ourt that the plaintiff was relitigating matters that had occurred prior to the first eviction judgment.").

Walliser believes that the state court's decisions are incorrect, and he implores us to remand this case to the district court for additional proceedings. We reject Walliser's request, for it is well-settled that *Rooker–Feldman* deprives federal courts of jurisdiction in cases where the plaintiff's "federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."). Thus, to the extent that the Illinois Appellate Court explicitly held in *Brown*, 32–98–0342 slip op. at 5, that "all" of the claims raised in Walliser's 1999 state court lawsuit "are barred by res judicata" and are "simply a reiteration of the claims he has made against IDOT and other defendants [in previous lawsuits]," the *Rooker–Feldman* doctrine requires us to dismiss this case. *See Maples Lanes*, 186 F.3d at 825–26; *Centres v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir.1998); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Furthermore, to the extent that Walliser alleges an abuse of process, we hold that his claim also is barred by the doctrine of res judicata. The law is clear that the district court also would lack supplemental jurisdiction over this claim, pursuant to the Supreme Court's interpretation of 28 U.S.C. § 1337(c), as enunciated in *United States Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

To the extent that Walliser's instant federal complaint presents claims similar to those raised in his 1996 federal lawsuit, this lawsuit is barred by res judicata arising from our prior decision in *Walliser v. Brown*, 124 F.3d 206, 1997 WL 471347. Moreover, we are convinced that Walliser's due process and equal protection claims simply rephrase and present arguments that are the same or materially similar to those raised in state court in 1994 or 1999.

Finally, Walliser's claims under URARPA were properly dismissed because URAR-PA does not create an implied cause of action against federal or state agencies, *National Railroad Passenger Corp. v. Faber Enters., Corp.*, 931 F.2d 438 (7th Cir. 1991); *Rhodes v. Chicago*, 516 F.2d 1373 (7th Cir.1975), and, in any event, these claims are procedurally barred by res judicata arising out of Walliser's participation in the *Sierra Club* litigation. *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396 (7th Cir.1987); *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986); *Sworob v. Harris*, 451 F.Supp. 96 (E.D.Pa.1978); *see also Muhly v. Espy*, 877 F.Supp. 294 (W.D.Va.1995). Walliser's remaining arguments are without merit. The judgment of the district court is AFFIRMED.