Judy CARY and Warren
Cary, Plaintiff,

v.

The CITY OF WATSEKA, Defendant.

No. 2012 CV 2059.

United States District Court,
C.D. Illinois.

June 28, 2012.

Brian Gordon Hiatt, Attorney at Law,
Bourbonnais, IL, for Plaintiff.

John F. Martin, Meachum & Martin,
Danville, IL, for Defendant.

## ORDER

HAROLD A. BAKER, District Judge.

The plaintiffs, Judy and Warren Cary (the "Carys") commenced this action against the City of Watseka, Illinois (the "City") pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983. The plaintiffs allege that the City interfered with their efforts to renovate their flood-damaged property in order to take the property by eminent domain and to pay the plaintiffs far less in fair market value than it would have paid had the plaintiffs renovated the property. According to the plaintiffs, the defendant's conduct violated the rights of the plaintiffs secured and guaranteed by the Constitution and laws of the United States, specifically the Fifth and Fourteenth Amendments, actionable under Section 1983 of the Civil Rights Act.

The City has filed a motion to dismiss the plaintiffs' complaint, with prejudice, based on *res judicata.* The Carys have filed a memorandum in opposition to the City's motion to dismiss. Because *res judicata* is an affirmative defense, the City should have raised it and then moved for judgment on the pleadings under Rule 12(c). *Carr v. Tillery,* 591 F.3d 909, 913 (7th Cir.2010). Therefore the court will construe the motion as a combined answer and Rule 12(c) motion. For the following reasons, the motion is granted.

## BACKGROUND

In January 2008, extensive flooding occurred throughout the Watseka area, resulting in substantial property damage to the plaintiffs' home. Later the same year, the plaintiffs received a payment from FEMA in the amount of $28,200. In February 2009, the City offered the plaintiffs $20,000 for their property. In February 2010, the City reduced the offer to $10,000. On June 1, 2010, the City filed a complaint for condemnation in state court. The Carys filed an answer, denying the City's necessity to acquire the property and requesting that the complaint be dismissed, or alternatively that they be awarded full and just compensation for the taking. On August 11, 2010 the City filed a response to the Carys' motion, setting forth evidence that, in reliance on an updated appraisal, it had made offers to purchase the plaintiffs' property for $3,150 on April 1, 2010, and $3,000 on April 26, 2010, to which the Carys failed to respond. On February 4, 2011, the Carys filed a counterclaim, claiming that the City took action to prevent them from renovating their property to its full value and this interference constituted willful and malicious conduct. On March 23, 2011, the parties agreed to judgment[1] in the amount of $13,500. On March 25, 2011, the Carys moved to voluntarily dismiss their counterclaim, without prejudice. On the same day both parties jointly moved that the case be dismissed, with prejudice. The motion for dismissal was granted on March 25, 2011.

## ANALYSIS

The City alleges that the plaintiffs' claim has been the subject of prior litigation in state court, and thus seeks to dismiss this case in federal court based on the doctrine of *res judicata.*

In federal court, a state court judgment "must be given the same *res judicata* effect that it would be given in the court of the rendering state." *Torres v. Rebarchak,* 814 F.2d 1219, 1222 (7th Cir.1987). Furthermore, *res judicata* "applies with full force to civil rights actions," and applies even if the dismissal was the

---

1. This statement is taken from Plaintiff's Exhibit A, d/e 9–1, in an e-mail written by the Carys' counsel.

result of a settlement. *Torres,* 814 F.2d at 1222–1223. *Res judicata* applies if there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt v. Nw. Cmty. Hosp.,* 453 F.3d 817, 822 (7th Cir.2006). When applicable, *res judicata* bars not only those claims that were litigated, but also those claims that could have been litigated but were not. *Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir.2011).

### A. "Claim–Splitting"

■ The Carys agree that discouraging "claim-splitting" is one of the primary policies underlying the doctrine of *res judicata.* Indeed, one cannot maintain a suit that arises from the same transaction underlying a previous suit simply by changing legal theories. *Carr,* 591 F.3d at 913–914. A plaintiff who splits his or her claim through voluntary dismissal and then later refiles "subjects himself to a *res judicata* defense." *Muhammad v. Oliver,* 547 F.3d 874, 876–877 (7th Cir.2008). However, ordinarily a second suit that arises from the same set of facts is barred only if there was a final judgment with prejudice in the first suit. *Muhammad,* 547 F.3d at 876. The Carys argue that the only matter that has been dismissed with prejudice is the City's eminent domain action. The Carys claim that because they voluntarily dismissed their counterclaim, it is not barred by the doctrine of *res judicata.*

The Carys' argument is seriously undermined by *Muhammad,* a case in which the plaintiff moved to dismiss its state court suit. *Muhammad,* 547 F.3d at 876. The judge granted the motion, dismissing the plaintiff's suit without prejudice. *Muhammad,* 547 F.3d at 876. Two years later, the plaintiff brought suit in federal court, based on a violation of a federal civil rights statute arising out of the same set of facts as the state court action. *Muhammad,*

547 F.3d at 876. The Seventh Circuit affirmed the dismissal, ruling that the case was barred by *res judicata.* *Muhammad,* 547 F.3d at 876–78.

■ Similar to *Muhammad,* the Carys now bring a civil rights action in federal court after a previous voluntary dismissal in state court. The complaint filed here is virtually identical to the counterclaim filed in state court, with a change in legal theory. In fact, aside from jurisdictional and venue issues, the complaint filed in this Court is identical to the counterclaim filed by the Carys in the state court action. By choosing to split the claim, the Carys have subjected themselves to a *res judicata* defense. In *Hudson v. City of Chicago,* the issue was whether dismissal of a negligence claim followed by a subsequent voluntary dismissal of a remaining willful and wanton misconduct claim barred the refiling of the latter claim. *Hudson v. City of Chicago,* 228 Ill.2d 462, 321 Ill.Dec. 306, 889 N.E.2d 210, 213 (2008). The Illinois Supreme Court concluded that the dismissal of the negligence count was a final adjudication on the merits and thus the willful and wanton misconduct claim was barred by *res judicata.* While the Carys allege that their action is distinguishable from *Hudson,* the Court agrees with the City that the case at bar is almost identical to *Hudson.*

### B. Agreement to Split the Claim

The Carys next argue that the parties have agreed to split their claim. Section 26(1) of the Restatement of Judgments states that when the parties have agreed to claim-splitting, the claim is not extinguished by *res judicata.* Restatement (Second) of Judgments § 26 (1982). The Carys reference an e-mail chain between themselves and the City as evidence of the agreement.

In the e-mail chain, the Carys state that they wish to non-suit their counterclaim without prejudice and that they cannot execute a general release that would bar them from refiling their claim. However, they will release any and all claims they might have relating to the eminent domain case in exchange for the settlement amount. *See* d/e 9, p. 5. The e-mail chain contained no waiver of defenses, including a *res judicata* defense.

█ The court need not determine if the e-mail chain was sufficient to establish an agreement. The claim that the Carys now assert arises from the same set of operative facts as did the state court claim. If the same set of operative facts is required for both proceedings, then there is "identity between the allegedly different causes of action asserted, and *res judicata* bars the latter [action]." *Lee v. City of Peoria*, 685 F.2d 196, 200 (7th Cir.1982). The constitutional claim now asserted is tied to the earlier state court action. "Federal courts lack the authority to review claims that are inextricably intertwined with matters previously determined in a state court ruling." *Walliser v. Mineta*, 33 Fed.Appx. 826, 827 (7th Cir.2002).

In *Walliser*, the plaintiff filed actions in federal court alleging constitutional violations after failing on earlier state court actions arising from the same set of operative facts. *Walliser*, 33 Fed.Appx. at 827. The Seventh Circuit concluded that Walliser's constitutional claims rephrased arguments identical to those presented in state court and thus were barred by the doctrine of *res judicata*. *Walliser*, 33 Fed. Appx. at 827–828.

Assuming, *arguendo*, that the e-mail chain was sufficient to establish an agreement, the facts in this case are similar to *Walliser*. The Carys' claim comes from the same set of operative facts as an earlier state case. The constitutional claim rephrases arguments that were identical to those presented in state court. Because the Carys have already been given sufficient opportunity to litigate that claim in state court, the claim in federal court is barred by the doctrine of *res judicata*.

### C. Subject Matter Jurisdiction

Finally, the Carys argue that their counterclaim could not have been entertained by the state court because it lacked subject matter jurisdiction, citing *Department of Transp. v. McGovern*, 103 Ill.App.3d 461, 59 Ill.Dec. 152, 431 N.E.2d 437 (1982). In *McGovern*, the respondents argued that their claim was not for compensation for the taking of property, but rather for failure to comply with a section of the Illinois Highway Code. *McGovern*, 59 Ill.Dec. 152, 431 N.E.2d at 439. The court held that this claim could not be maintained in an eminent domain proceeding, as the sole purpose of an eminent domain proceeding is determining just compensation for taken property. *McGovern*, 59 Ill.Dec. 152, 431 N.E.2d at 440. The Carys contend that the state court could not have determined their counterclaim because it was not germane to the eminent domain case.

The instant case is distinguishable from *McGovern*. Here, the Carys' original counterclaim alleges that they were denied just compensation for the taking of their property. The Carys alleged no constitutional violations in state court; therefore the original counterclaim brought by the Carys was germane to the eminent domain case, because it dealt with the sole issue that eminent domain proceedings were designed to determine.

### CONCLUSION

The issue before the Court is whether the Carys' complaint is barred by the doctrine of *res judicata*. The Carys chose to split their claim in state court, subjecting them to a *res judicata* defense. They now attempt to bring the same claim, arising

from the same set of operative facts, in federal court simply by changing legal theories. The motion to dismiss [6] is granted. The case is terminated and the parties will bear their own costs.