**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014[*]
Decided December 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1921

| | |
|---|---|
| BRUCE ABRAHAMSON,<br> *Plaintiff-Appellant*,<br><br>*v.*<br><br>ILLINOIS DEPARTMENT OF<br>FINANCIAL AND PROFESSIONAL<br>REGULATION, *et al.*,<br> *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 11 C 2038<br><br>John Z. Lee,<br>*Judge*. |

**O R D E R**

Bruce Abrahamson wants to practice medicine in Illinois but has been turned down twice by the Illinois Department of Financial and Professional Regulation. Both times the Illinois courts reviewed and upheld the Department's decision. After the second rejection was upheld, Abrahamson sued the Department (and other defendants not relevant to this appeal) in federal court, claiming that the Department's refusal to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

give him a medical license violated his right to due process as well as state law. The district court dismissed the federal claim for lack of subject-matter jurisdiction and then dismissed the supplemental state-law claims without prejudice. The court reasoned that Abrahamson's federal claim under 42 U.S.C. § 1983 seeks review of a state-court judgment. It is thus barred by the *Rooker-Feldman* doctrine, see *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). In this appeal Abrahamson challenges only the dismissal of his federal claim. We affirm that ruling.

Abrahamson's federal complaint recounts the following events, which we accept as true for purposes of this appeal. See *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010). Abrahamson first applied for a medical license in June 1986 after graduating from medical school, completing three years of surgical residency, and passing his boards. The Department[1] denied that application in 1988 with the explanation that Abrahamson lacked good moral character because he had fabricated a medical-school transcript and lied about several matters, including his academic credentials and unsuccessful applications for medical licenses in three other states. See *Abrahamson v. Ill. Dep't of Prof'l Regulation*, 606 N.E.2d 1111, 1114, 1116 (Ill. 1992). The Department told him, though, that he could reapply after two years. *Id.* at 1116. Abrahamson sought judicial review in the state courts, but he was eventually unsuccessful when, in November 1992, the Supreme Court of Illinois upheld the Department's decision. *Id.* at 1122.

Nearly six years later, in June 1998, Abrahamson reapplied for a medical license. The Department denied that application in July 2001, this time explaining that Abrahamson had "insufficient current professional experience in the practice of medicine." Abrahamson sought review in the Circuit Court of Cook County, which after protracted litigation ordered the Department to assess his "professional capacity to practice medicine" as well as the "additional training, remedial education, or testing" he may need. The Department conducted that review in June 2005. In August 2006 it denied Abrahamson's application again, telling him that he must pass the current medical boards and complete two more years of residency. When Abrahamson sought judicial review, the circuit court upheld the Department's decision, and the state appellate court affirmed that ruling. See *Abrahamson v. Ill. Dep't of Fin. & Prof'l*

---

[1] At that time the agency was called the Department of Professional Regulation, but in 2006 the name was changed to the Department of Financial and Professional Regulation.

*Regulation*, 970 N.E.2d 124 (2008) (table decision). The Supreme Court of Illinois denied leave to appeal. *Abrahamson v. Ill. Dep't of Fin. & Prof'l Regulation*, 231 Ill. 2d 657 (2009) (table decision).

Abrahamson then turned to federal court in March 2011, more than 4½ years after the Department's last action on his applications for a medical license. Essentially he now claims that the Department violated his right to due process and must, as a remedy, grant him a license and pay damages for delaying that license for "approximately 25 years." In dismissing the action, the district court accepted the Department's principal contention that Abrahamson's suit really is a collateral attack on the Illinois judicial decisions, and thus only the Supreme Court of the United States may review them. See *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416. Abrahamson timely sought reconsideration, which the district court denied by order entered on February 26, 2013. Twenty-eight days later, on Tuesday, March 26, Abrahamson moved for an extension of time to file a notice of appeal because, he said, he was busy caring for an ill parent. On April 2, after a status conference, the district court granted a "28 day extension" without objection. Abrahamson filed his notice of appeal on Monday, April 29.

On appeal Abrahamson challenges the district court's application of the *Rooker-Feldman* doctrine, but the Department raises a threshold contention that his notice of appeal was untimely and thus we lack appellate jurisdiction. According to the Department, the district court must have meant to extend the deadline for Abrahamson's notice of appeal 28 days from March 28 (when, according to the Department, the notice of appeal originally was due), not 28 days from the date of the court's April 2 order. The Department explains that 28 days from April 2 would have been April 30, which is 33 days after March 28 and 3 days longer than the limit of 30 days allowed for an extension by Federal Rule of Civil Procedure 4(a)(5)(C). And since 28 days from March 28 was Thursday, April 25, the Department concludes that Abrahamson's notice of appeal filed on April 29 was untimely.

The Department's jurisdictional argument rests on assumptions that are not fully analyzed in its brief. The Department asserts that the district court must have intended its extension of 28 days to run from March 28 because otherwise, the Department reasons, the court would have been giving Abrahamson more than the allowed 30 days. Yet this contention assumes both that the district court could not have made a simple mistake and that, if it did, we would be compelled to disregard the extension entirely rather than reform the court's order by capping the additional time to conform to the

rules of procedure. If the Department is correct that the original deadline was March 28, then the district court would have been free to extend the deadline by 30 days to April 27, which, because that was a Saturday, would have made Abrahamson's notice of appeal due the very day he filed it, Monday, April 29. See FED. R. APP. P. 26(a)(1)(C); *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 (3d Cir. 2012). In the end, though, we can bypass these questions because Abrahamson's request for an extension of time—which was timely, see FED. R. APP. P. 4(a)(5)(A)(i)—is the "functional equivalent" of a notice of appeal. See *Smith v. Barry*, 502 U.S. 244, 247–48 (1992); *Listenbee v. City of Milwaukee*, 976 F.2d 348, 349–51 (7th Cir. 1992). That filing conveys Abrahamson's intent to appeal the dismissal of his lawsuit, see FED. R. APP. P. 3(c)(1)(A),(B), and although it does not "name the court to which the appeal is taken," see FED. R. APP. P. 3(c)(1)(C), we can infer that Abrahamson intended to appeal to this court, the "only available forum," see *Smith v. Grams*, 565 F.3d 1037, 1042 (7th Cir. 2009). Thus, our jurisdiction is secure.

As for the merits, we agree with the district court that it lacked subject-matter jurisdiction under *Rooker-Feldman*. That "doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014); see *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–93 (2005); *Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 729–30 (7th Cir. 2001). Although Abrahamson was represented by counsel in the district court, he never asserted a due-process claim that stands alone, unconnected to his demand for a license. To the extent that Abrahamson wants the district court to order the Department to grant him a medical license, he is asking for relief that the court cannot give, because it would directly upset the state-court judgment confirming the Department's decision to deny him a license unless he passes the current boards and completes an additional residency. See *Feldman*, 460 U.S. at 482. And to the extent that Abrahamson seeks damages on the ground that withholding a medical license has denied him "due process," that result also is barred because accepting this theory "would effectively reverse the state court judgment upholding" the Department's decision. See *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825–26 (7th Cir. 1999); *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001).

Abrahamson does not dispute that his federal claim seeks to upset the state-court judgment upholding the Department's 2006 decision. He insists, though, that the *Rooker-Feldman* doctrine is inapplicable because, in his view, that judgment is void for lack of jurisdiction. The state circuit court, he urges, lacked subject-matter jurisdiction over his challenge to the Department's decision because, he says, his request for administrative review was premature. Thus, Abrahamson continues, his situation is like

the one in *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610 (7th Cir. 2008), in which the district court had reasoned that the *Rooker-Feldman* doctrine barred a lawsuit raising "essentially" the same claims that the plaintiff had brought in state court. *Id.* at 613. We rejected that reasoning because the state court had not issued a judgment on the merits but instead dismissed the state suit for lack of subject-matter jurisdiction; thus, we explained, the plaintiff was not a "state-court loser," and *Rooker-Feldman* did not apply. *Id.* at 613–14.

But this case is not like *Hemmer*. The Illinois circuit court concluded that it *did* have subject-matter jurisdiction over Abrahamson's request for administrative review, and we may not review the propriety of that ruling. See 28 U.S.C. § 1257; *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene. If a state court had violated constitutional jurisdictional limits, [plaintiff] could have brought that up with the Supreme Court after exhausting his state court remedies."); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."); *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment.").

We have considered Abrahamson's remaining arguments, and none merits discussion. Therefore, we AFFIRM the district court's judgment.